UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Deborah Osborne,<br><br>        Plaintiff,<br><br>    v.<br><br>Stanley J Rumbaugh,<br><br>        Defendant. | CASE NO. 3:23-cv-05702-JHC<br><br>ORDER |

Before the Court is Plaintiff's "Reply to Order Denying Request for Reassignment." Dkt. # 7. The Court construes this as a motion for reconsideration of the Court's previous order. *See* Dkt. # 6. The Court DENIES the motion.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civ. R. 7(h)(1).

Plaintiff has failed to show that the Court's prior order constitutes manifest error. The Court understands Plaintiff's argument: Because the underlying lawsuit that gave rise to this action was adjudicated by Judge Lasnik, Plaintiff says, this matter should also be handled by

ORDER - 1

Judge Lasnik. But as the Court understands Plaintiff's complaint, this case effectively asks the Court to review a state court decision involving attorney malpractice and the attorney's alleged breach of contract with his client. *See* Dkt. # 1 at 1 (naming the "Hon. Stanley J. Rumbaugh" as the Defendant). That state court decision, in turn, reviewed the attorney's conduct in the underlying lawsuit. So this case is now several levels removed from the underlying lawsuit. And in any event, it is not uncommon for a different judge to adjudicate a malpractice case than the underlying action giving rise to that malpractice case.

Dated this 15th day of August, 2023.

*John H. Chun*

John H. Chun
United States District Judge