UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH OSBORNE, | Case No. 3:23-cv-05702-TMC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| HON. STANLEY J. RUMBAUGH, JUDGE, | |
| Defendant. | |

    Before the Court is Defendant Judge Stanley J. Rumbaugh's motion to dismiss. Dkt. 11. Having considered the motion, the response from pro se Plaintiff Deborah Osborne (Dkt. 15), and Judge Rumbaugh's reply (Dkt. 17), the Court GRANTS the motion for the reasons explained below.

ORDER GRANTING MOTION TO DISMISS - 1


## I. BACKGROUND

The following facts are those alleged in the complaint (Dkt. 1). Because the Court is considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), it takes these facts as true. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

In 2021, Ms. Osborne filed a breach of contract action in Pierce County Superior Court against her former attorney. Dkt. 1 ¶¶ 1.2, 5.6. Judge Rumbaugh presided over that case and granted the attorney defendant's motion for summary judgment, dismissing all of Ms. Osborne's claims. *Id.* ¶ 1.3.

Ms. Osborne filed a motion for reconsideration of Judge Rumbaugh's summary judgment order. *Id.* ¶ 5.14. The motion was denied. *Id.* Ms. Osborne appealed the summary judgment order to the Washington State Court of Appeals, Division II (the "Court of Appeals"), which affirmed Judge Rumbaugh's decision. *Id.* ¶ 5.16. Ms. Osborne alleges that the Court of Appeals abused its discretion and "intentionally made a ruling based on fraud to cover for the trial courts' errors and perpetrated upon time to obstruct the plaintiff's time to file this complaint." *Id.* ¶ 5.17.
Ms. Osborne next appealed to the Washington State Supreme Court (the "Supreme Court"), which affirmed the decision of the Court of Appeals. *Id.* ¶ 5.18. Ms. Osborne alleges that "[t]he Supreme Court intentionally upheld the Court of Appeals decision knowing it was without merit; and not affirmed by Judge Rumbaugh." *Id.*

Ms. Osborne subsequently filed this federal court action against Judge Rumbaugh in the Western District of Washington. *See* Dkt. 1. Ms. Osborne seeks enforcement of the allegedly violated laws, special damages, general damages, punitive damages, and attorney's fees. *Id.* at 10–11. Ms. Osborne alleges that Judge Rumbaugh improperly granted summary judgment without stating his reasoning on the record, holding a hearing on the motion for summary judgment, holding a trial, making findings of fact or conclusions of law in his order granting

summary judgment, providing a transcription of the proceedings, or ensuring a timely and impartial resolution to the dispute. *Id.* ¶ 1.3. Ms. Osborne further alleges that Judge Rumbaugh did not comply with Federal Rule of Civil Procedure 56 by failing to disclose information that created genuine issues for trial. *Id.* ¶¶ 1.4–1.7. Ms. Osborne also alleges that Judge Rumbaugh exercised bias. *Id.* ¶¶ 1.5, 5.10.

Ms. Osborne argues that "[f]raud . . . or other misconduct of an adverse party are express grounds for relief by motion under" Federal Rule of Civil Procedure 60(b). *Id.* ¶ 5.20. She argues further that Rule 60(b) "expressly does not limit the power of the court, when fraud has been perpetrated upon it, to give relief under the savings clause." *Id.* (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)).

Judge Rumbaugh filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and RCW 4.96.010–.050, and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 11.

## II.   DISCUSSION

### A.   The *Rooker-Feldman* doctrine

The Court must first address the threshold issue of subject matter jurisdiction. When reviewing a Rule 12(b)(1) motion, the Court takes the allegations in the complaint as true. *Wolfe*, 392 F.3d at 362.

Under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (the "*Rooker-Feldman* doctrine"), federal district courts, as courts of original jurisdiction, lack subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in

judicial proceedings."). The *Rooker-Feldman* doctrine precludes federal district courts from hearing direct or de facto appeals of the judgments of state courts. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018); *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal."). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Cooper*, 704 F.3d at 777 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).

The Supreme Court has emphasized that the "ground occupied by *Rooker-Feldman*" is "narrow." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine does not apply to plaintiffs bringing independent claims that are "similar or even identical to issues aired in state court" but "not the subject of a previous judgment by the state court." *Cooper*, 704 F.3d at 778. However, the Court may not exercise jurisdiction where "the constitutional claims presented . . . are *inextricably intertwined* with the state court's [ruling]." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (quoting *Cooper*, 704 F.3d at 778). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624–25 (quoting *Cooper*, 704 F.3d at 779).

      **B.**    **The Court lacks jurisdiction over Ms. Osborne's claims under *Rooker-Feldman*.**

Here, the *Rooker-Feldman* doctrine precludes the Court from hearing Ms. Osborne's challenge to Judge Rumbaugh's decision in state court. Ms. Osborne argues that Judge Rumbaugh's grant of summary judgment was improper because he did not state his reasoning on the record, hold a hearing on the motion for summary judgment, hold the scheduled trial, make

ORDER GRANTING MOTION TO DISMISS - 4

findings of fact or conclusions of law in the order granting summary judgment, provide a transcript of the proceedings, ensure a timely and impartial resolution to the dispute, or disclose information that created a genuine issue of fact for trial. *See* Dkt. 1 at 1.3–1.4. Ms. Osborne's "federal claim succeeds only to the extent that the state court wrongly decided the issues before it," *Cooper*, 704 F.3d at 782 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)), and her requested federal relief "would effectively reverse the state court decision or void its ruling." *Hooper*, 56 F.4th at 625 (quoting *Cooper*, 704 F.3d at 778).

Ms. Osborne's allegations that Judge Rumbaugh and the Court of Appeals judges[1] engaged in fraud in the state court proceedings, *see* Dkt. 1 ¶¶ 1.4, 5.17; Dkt. 15 at 8–10, do not save her claim. Although there is an extrinsic fraud exception to the *Rooker-Feldman* doctrine, that exception does not apply here. Under the extrinsic fraud exception, the *Rooker-Feldman* doctrine does not apply when a plaintiff alleges that an adverse party in a state court proceeding committed extrinsic fraud that caused the state court to rule for that party. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). For the exception to apply, the plaintiff must allege *extrinsic* fraud, which "by definition, [is] not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." *Id.* There is no exception to the *Rooker-Feldman* doctrine for *intrinsic* fraud. *Dixon v. State Bar of Cal.*, 32 F. App'x 355, 356–57 (9th Cir. 2002) ("The fraud that [plaintiff] alleges is intrinsic fraud . . . . Thus, assuming that there is an extrinsic fraud exception to the *Rooker–Feldman* doctrine, this case does not fit within that exception.").

Here, Ms. Osborne alleges that Judge Rumbaugh and the Court of Appeals judges acted fraudulently when presiding over her breach of contract case. *See* Dkt. 1 ¶¶ 1.4, 5.17; Dkt. 15 at

---

[1] Moreover, because no Court of Appeals judges are defendants in this case, allegations that they acted with fraud are not relevant to claims against Judge Rumbaugh.

ORDER GRANTING MOTION TO DISMISS - 5

8–10. In other words, Ms. Osborne alleges fraudulent conduct by the state court and not by the adverse party in her state court proceeding (her former attorney). Accordingly, Ms. Osborne alleges intrinsic fraud, and there is no exception to the *Rooker-Feldman* doctrine for her claim. The Court dismisses Ms. Osborne's claims for lack of subject matter jurisdiction.

Having concluded that it lacks jurisdiction over Ms. Osborne's claims, the Court does not address Defendant's RCW 4.96.010–.050 or Rule 12(b)(6) arguments.

### III.   CONCLUSION

For the reasons explained above, the Court GRANTS Defendant's motion to dismiss. Plaintiff's claims are DISMISSED with prejudice for lack of subject matter jurisdiction.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of November, 2023.

Tiffany M. Cartwright
United States District Court Judge