UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH OSBORNE,<br><br>        Plaintiff,<br><br>    v.<br><br>HON. STANLEY J. RUMBAUGH, JUDGE,<br><br>        Defendant. | Case No. 3:23-cv-05702-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the Court is pro se Plaintiff Deborah Osborne's amended motion for reconsideration (Dkt. 29) of the Court's November 17, 2023 order grating Defendant Stanley Rumbaugh's motion to dismiss (Dkt. 26).

Under the local civil rules for the Western District of Washington, "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

Ms. Osborne's motion for reconsideration does not demonstrate any manifest error in the Court's order. *See* Dkt. 29. Ms. Osborne argues that the Court did not acknowledge her Constitutional claims. *Id.* at 1. But the Court's order granting Defendant's motion to dismiss was

based on the Court's determination that it lacks subject matter jurisdiction over Ms. Osborne's claims under the *Rooker-Feldman* doctrine. Dkt. 26 at 6. Subject matter jurisdiction governs the types of claims that federal courts are allowed to hear; because the Court does not have jurisdiction, it cannot properly consider the merits of Ms. Osborne's claims. *See id.* Ms. Osborne does not dispute the Court's holding that it lacks subject matter jurisdiction in her motion for reconsideration. *See generally* Dkt. 29.

Ms. Osborne's motion for reconsideration (Dkt. 29) is therefore DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of December, 2023.

Tiffany M. Cartwright
United States District Court Judge